**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| SARAH E. METZGER, | ) | |
| | ) | |
| Plaintiff, | ) | **CIVIL ACTION** |
| | ) | |
| v. | ) | No.  02-1321-MLB |
| | ) | |
| UNUM LIFE INSURANCE COMPANY | ) | |
| OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**MEMORANDUM AND ORDER**

**I.   INTRODUCTION**

This case comes before the court following remand from the Tenth Circuit Court of Appeals.  (Doc. 54.)  The appellate mandate reversed this court's decision that it lacked jurisdiction to consider a motion for order to show cause.  Id.  Accordingly, that motion and the associated briefs are presently before the court for decision.  (Docs. 37, 38, 41, 42.)  Additionally, the parties were given an opportunity to file supplemental arguments and authorities following remand.  (Doc. 55.)  In response to that opportunity, defendant filed another brief (Doc. 56); plaintiff did not.

**II.   FACTS AND PROCEDURAL HISTORY**

The facts were detailed in a previous order and will not be repeated here.  (Doc. 35.)  Suffice it to say that this is an ERISA case in which defendant denied plaintiff's application for long-term disability (LTD) benefits.  On cross-motions for summary judgment, the court found that defendant had met its burden to show that the denial of benefits was warranted.  Id. at 22.

Nevertheless, the court concluded that defendant had failed to provide plaintiff a full and fair review of the initial benefit determination because defendant did not give plaintiff an opportunity to rebut the opinions of a doctor and a nurse whom defendant had review the claim on appeal.  Therefore, the case was remanded to defendant with instructions to allow plaintiff an opportunity to rebut those opinions, after which defendant was to treat the claim as an original appeal of an initial benefits determination.  Id. at 28.

Defendant allowed plaintiff to submit additional materials, after which the case was once again referred to a doctor and, this time, a vocational expert, for their opinions regarding whether plaintiff was entitled to LTD benefits.  (Doc. 38 at 5-6.)  As before, plaintiff was not given an opportunity to rebut these new opinions, and defendant denied benefits.  Id. at 6. Understandably, plaintiff objected to the procedure employed by defendant, noting that it was identical to the one rejected by the court in its original decision.  Id.

Based on the court's original order and plaintiff's perception that defendant defied that order, she filed a motion for an order to show cause why judgment should not be entered in her favor. (Doc. 37.)  The court concluded that it had disposed of the case, and therefore lacked subject matter jurisdiction to entertain further motions.  (Doc. 46.)  Plaintiff appealed, and the Tenth Circuit reversed on the grounds that a court always has ancillary jurisdiction to enforce its own orders.  (Doc. 54.)

**III.  ANALYSIS**

-2-

Unfortunately for all parties involved, the court must confess that, in addition to the error addressed by the court of appeals, this court made another mistake in deciding this case that has regrettably protracted the litigation.  Upon further review of the regulations that govern the ERISA appeals process, the court concludes that it erred by holding that the procedure followed by defendant denied plaintiff a full and fair review of her claim. Instead, the procedure followed by defendant was not only appropriate, but it was the method mandated by the regulations.

Under ERISA, appeals from an adverse benefit determination are governed by 29 C.F.R. § 2560.503-1(h).  Subparagraph (h)(1) requires that the appeals process provide a claimant with a full and fair review of an adverse benefit determination.  The regulations also state that LTD benefit plans will only be deemed to provide a full and fair review if they meet the requirements set forth in subparagraphs (h)(2)(ii) through (iv) and (h)(3)(i) through (v).  29 C.F.R. § 2560.503-1(h)(4).  The relevant parts of subparagraph (h)(2) allow a claimant to file additional evidence as part of the appeal; require the administrator to provide, upon request, copies of all documents and evidence relevant to the claim; and, require the administrator to consider all the evidence on appeal, regardless of whether it was submitted in conjunction with the initial benefit determination.  Id. (h)(2)(ii)-(iv).

In order to provide a full and fair review, the disposition of the appeal must be made without deference to the initial benefit determination, and the review must be performed by an individual who neither made the initial benefit determination, nor is

-3-

subordinate to that person.  Id. (h)(3)(ii).  Furthermore, and central to the decision in this case,

> in deciding an appeal of an adverse benefit determination that is based in whole or in part on a medical judgment . . . the appropriate named fiduciary shall consult with a health care professional who has appropriate training and experience in the field of medicine involved in the medical judgment.

Id. (h)(3)(iii) (emphasis added).  As this provision makes clear, the administrator has a mandatory duty to refer claims involving medical judgment to doctors or other healthcare professionals who are qualified in the relevant field of medicine.  The wisdom of this provision is self-evident - claims administrators may not be medical professionals qualified to render opinions regarding the claims that come before them.  In order for those fiduciaries to render an informed decision about a claim that involves complex medical evidence, the claims processors not only should, but must, rely on healthcare professionals in the relevant field of medicine for advice.  The regulations also require that, on appeal, the healthcare professionals consulted must be different from, and not subordinate to, the professionals consulted during the initial benefit determination.  Id. (h)(3)(v).

Finally, as relevant here, the appeals process must

> [p]rovide for the identification of medical or vocational experts whose advice was obtained on behalf of the plan in connection with a claimant's adverse benefit determination, without regard to whether the advice was relied upon in making the benefit determination.

Id. (h)(3)(iv).

Read together, these regulations contemplate an appeals

-4-

process that allows plaintiff to see all the relevant evidence relied upon in the initial benefits determination, including opinions of healthcare professionals consulted by the plan administrator.  Plaintiff then has an opportunity to submit additional evidence, some of which may be in response to opinions or observations by consulted healthcare professionals who were critical of her initial application.  Then, plaintiff has the right to have her entire claim reviewed <u>de novo</u> by different claims administrators and healthcare professionals who are not subordinate to those who processed her original claim.  With this much, the parties appear to agree.

However, in her original motion for summary judgment, plaintiff argued (and the court agreed) that by denying her the opportunity to rebut the opinions of healthcare professionals consulted pursuant to subparagraph (h)(3)(iii), defendant had denied plaintiff a full and fair review of her claim.  Upon further review, the court concludes that the regulations do not contemplate an opportunity for rebuttal of these sorts of opinions rendered during the appeals process.

The reasoning is simple.  Subparagraph (h)(3)(iii) requires the administrator to rely on qualified healthcare professionals when medical judgments are required.  If plaintiff were allowed to rebut the opinions of professionals consulted at this stage, then the layman claims administrator would once again be faced with the possibility of receiving new medical opinions and judgments from plaintiff's experts.  Subparagraph (h)(3)(iii) specifically requires such evidence be evaluated by qualified healthcare

-5-

professionals.    Common  sense  agrees  -  the  layman  claims
administrator  cannot  be  permitted  to  resolve  such  a  medical
dispute.    Thus,  if  read  according  to  plaintiff's  view,  the
regulations  set  up  an  endless  loop  of  opinions  rendered  under
(h)(3)(iii),  followed  by  rebuttal  from  plaintiff's  experts,
followed  by  more  opinions  under  (h)(3)(iii),  and  so  on.    That
result  is  ludicrous.

      Instead,  the  only  sensible  reading  of  subparagraph  (h)  is  that
(h)(2)(iii)  requires  plaintiff  be  given  access  to  expert  opinions
obtained  by  the  administrator  during  the  initial  benefits
determination.    Then,  (h)(2)(ii)  allows  plaintiff  to  rebut  those
opinions,  as  well  as  provide  any  additional  evidence  she  thinks  is
relevant.    Once  plaintiff  has  provided  the  evidence  she  desires  to
present,  the  claim  is  reviewed  on  appeal.    If  a  medical  judgment
is  required,  (h)(3)(iii)  mandates  that  qualified  healthcare
professionals  be  consulted.    After  that,  a  decision  is  rendered
regarding  the  appeal.    Plaintiff  has  no  opportunity  to  provide
rebuttal  to  opinions  rendered  under  (h)(3)(iii).    She  is  entitled
to  receive  copies  of  the  reports,  but  not  under  (h)(2)(iii).
Instead,  her  entitlement  to  receive  copies  of  these  reports  is
established  in  subparagraphs  (i)(5)  and  (j)(3).    Since  those
provisions  only  apply  after  the  appeal  has  been  decided,  there  is
obviously  no  opportunity  for  rebuttal.

      That  is  not  to  say  that  opinions  rendered  under  (h)(3)(iii)
are  immune  from  scrutiny.  When  plaintiff  brought  her  claim  to  this
court,  she  was  certainly  free  to  criticize  the  opinions  and  argue
that,  consequently,  defendant  failed  to  meet  its  burden  to  show

-6-

that the denial of benefits was warranted.  But the evidentiary battle must end somewhere.  Both the regulations governing the appeal and the law controlling this court's review under ERISA simply do not contemplate that plaintiff will have yet another opportunity to put evidence into the record.

The only question remaining is where to go from here.  In its original decision, the court concluded that defendant had met is burden to prove that the denial of benefits was warranted.  (Doc. 35 at 22.)  That much of the order should remain intact.  In a separate portion of the same order, the court held that defendant failed to provide a full and fair review because plaintiff was not afforded an opportunity to rebut the opinions of Nurse Hess and Dr. Fluter.  Id. at 28.  That part of the order was error and, if possible, should be corrected.

Nothing in the mandate from the court of appeals addressed the merits of the case; thus, this court would not be acting contrary to the mandate by correcting its view of the law.  The court could wade through the morass of determining whether the judgment it entered was a final judgment (Doc. 36), and whether it could sua sponte amend its decision under Federal Rule of Civil Procedure 60(b), and whether the law of the case doctrine, or any of its exceptions applied.  Rather than attempt to do so, the more practical course seems to be to simply decide the motion before the court: should an order to show cause be issued to defendant.  (Doc. 38.)  For the reasons stated herein, the court concludes that defendant has followed the proper procedure on remand, that defendant's decision to consult with an additional healthcare

-7-

professional under 29 C.F.R. § 2560.503-1(h)(3)(iii) was mandatory, and that the law does not require further opportunity for rebuttal by plaintiff.  Accordingly, plaintiff's motion for an order to show cause is DENIED and this case is DISMISSED.

A motion for reconsideration of this order under Local Rule 7.3 is not encouraged.   The standards governing motions to reconsider are well established.   A motion to reconsider is appropriate where the court has obviously misapprehended a party's position or the facts or applicable law, or where the party produces new evidence that could not have been obtained through the exercise of reasonable diligence.  Revisiting the issues already addressed is not the purpose of a motion to reconsider and advancing new arguments or supporting facts which were otherwise available for presentation when the original motion was briefed or argued is inappropriate.  <u>Comeau v. Rupp</u>, 810 F. Supp. 1172 (D. Kan. 1992).  Any such motion shall not exceed three pages and shall strictly comply with the standards enunciated by this court in <u>Comeau v. Rupp</u>.  The response to any motion for reconsideration shall not exceed three pages.  No reply shall be filed.

IT IS SO ORDERED.

Dated this <u>11th</u> day of January 2006, at Wichita, Kansas.


<u>s/ Monti Belot                    </u>
Monti L. Belot
UNITED STATES DISTRICT JUDGE